**In the Matter of SPECTRUM ARENA, INC., Debtor.**
**No. 30437.**

United States District Court,
E. D. Pennsylvania.

Dec. 23, 1971.

Sidney Chait, Philadelphia, Pa., for Trustees.

LeRoy E. Perper, Philadelphia, Pa., for ARA Services.

I. Grant Irey, Jr., Philadelphia, Pa., for Fidelity Bank.

Gilbert W. Oswald, Philadelphia, Pa., for Foreman-Snider.

Philip P. Kalodner, Philadelphia, Pa., for Debtor.

IN PROCEEDINGS FOR REORGANIZATION OF A CORPORATION UNDER CHAPTER X THE BANKRUPTCY ACT

MEMORANDUM AND ORDER

Re: Petitions to Further Amend Debtor's Proposed Plan of Reorganization of the Spectrum Arena, Inc.

HIGGINBOTHAM, District Judge.

On December 6, 1971, Philip P. Kalodner filed the "Debtor's Proposed Plan of Reorganization as amended" (Docket No. 264), which Mr. Kalodner stated at the hearing on confirmation of the Trustees' Plan represented no changes but "merely is an accumulation of the prior amendments of the Debtor's Plan." (Hearing before Judge Higginbotham,

December 8, 1971, N.T. 10.) Also on December 6, 1971, Mr. Kalodner filed two, new, material amendments to the Debtor's Proposed Plan of Reorganization as amended. One of the amendments (fourth amendment to the Debtor's Plan, first amendment to Debtor's Proposed Plan of Reorganization as amended, Docket No. 265) provides for full repayment of the ARA "A" Fund loan[1] and raises the amount of the proposed bond issue from $9,500,000 to $10,000,000 or $10,500,000. The second amendment (fifth amendment to Debtor's Plan, second amendment to Debtor's Proposed Plan of Reorganization as amended, Docket No. 263) would, if the District Court is reversed as to the validity of the Foreman fourth mortgage,[2] provide for full payment of all existing claims against the Debtor at consummation by means of the already proposed $9,500,000 bond issue.

I find that as a matter of law and as a matter of sound judicial discretion that Mr. Kalodner's last efforts to further amend the Debtor's Proposed Plan of Reorganization as amended (Docket No. 264) should be denied.

## I.

### AMENDMENTS DENIED AS A MATTER OF LAW

Under § 222 of the Bankruptcy Act (11 U.S.C. § 622), "a plan may be altered or modified, with the approval of the judge, after its submission for acceptance and before or after its confirmation . . . ." However, the statute makes no provision for the court to consider a plan or any amendments to a plan which has not ever been found to be "worthy of consideration[3]." (11 U.

S.C. § 572.) Further, in 6 Colliers On Bankruptcy, ¶ 7.31, at p. 1273, the authors state:

"Once the plan is approved, no other substitute plan may be submitted unless and until the approved plan has been disposed of through lack of acceptance or confirmation."[4]

In interpreting the applicable statutory provisions, the Court of Appeals for the Second Circuit in Country Life Apartments v. Buckley, 145 F.2d 935, 937 (2nd Cir. 1944) stated:

" . . . [P]roposals offered thereafter could be *only* in the nature of a modification of such approved plan. Bankruptcy Act, § 222."

Accordingly, I find as a matter of law that the Fourth and Fifth Amendments to Debtor's Plan of Reorganization should be denied.

## II.

### AMENDMENTS DENIED AS A MATTER OF JUDICIAL DISCRETION

In my Opinion of August 31, 1971, 340 F.Supp. p. 758, I stated:

All parties have been granted great liberality in amending their proposals, since my primary concern has been the desire to see all creditors including unsecured creditors paid 100% of their fully valid claims. *However, even litigation in corporate reorganization should not be an endless tunnel for the continuous depositing of amended plans.* (Emphasis added)

Further, in my Opinion of October 28, 1971, 340 F.Supp. p. 771, in commenting on Mr. Kalodner's amendments, I stated:

On September 10, 1971, admittedly with some reluctance, I permitted Mr.

---

1. For extensive history of the entire ARA–Spectrum loan and my Order finding that ARA was *not* required to subordinate to Debtor's Proposed bond issue, see, Opinion of October 28, 1971, 340 F.Supp. 767, pp. 771–776.

2. For an extensive analysis of the validity of the Foreman fourth mortgage claim, see Opinion of August 31, 1971, 340 F. Supp. 755, pp. 759–765.

3. I have previously found the Debtor's Proposed Plan not "worthy of consideration" ; see, Opinion of October 28, 1971, 340 F.Supp. pp. 771–778.

4. The Trustees' Plan has been accepted and is today in a separate Opinion confirmed. Opinion of December 23, 1971, 340 F.Supp. 794, Re: Confirmation.

Kalodner's third material amendment which increased his financing from $8,000,000 to $9,500,000; in granting that request, I recognized that if I had not gone beyond the maximum ambit of my discretion, nevertheless I was at least tottering on the brink which terminates judicial discretion.

■ Mr. Kalodner could have and should have long ago anticipated that there was a strong possibility that I would find both that the Foreman fourth mortgage was valid and that ARA was not required to subordinate its "A" fund loan to the Debtor's proposed bond issue. Having been overruled as to his position on the Foreman fourth mortgage issues, Mr. Kalodner should have anticipated the possibility of not winning his ARA subordination contention. Thus, with my stated inclination to deny any future material amendments, he had ample notice that the time had passed for further amending proposed plans of reorganization.

Accordingly, I deny Mr. Kalodner's two latest amendments (Docket Nos. 263, 265) also as a matter of sound judicial discretion.[5]

5. This memorandum filed pursuant to Rule 52(a) of the Federal Rules of Civil Procedure (28 U.S.C. Rule 52(a)), constitutes my prerequisite findings of fact and conclusions of law.